UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YEHUDAH MILCHAMOT,

                Plaintiff,

      -against-

BRONX DISTRICT ATTORNEY'S OFFICE, et al.,

                Defendants.

24-CV-9101 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Yehudah Milchamot brought this complaint *pro see*. He invokes 42 U.S.C. § 1985 as the basis for his claims, and he seeks compensatory and punitive damages. By order dated January 13, 2025, the Court noted that Plaintiff was barred from filing any new action *in forma pauperis* (IFP) without first obtaining from the Court leave to file. *See Mil'chamot v. Preska*, ECF 1:16-CV-6134, 6 (S.D.N.Y. Sept. 28, 2016). Because he had not done so, the Court dismissed the action without prejudice for his failure to comply with the September 28, 2016 order.[1]

      On December 19, 2025, and January 6, 2025, the Court received Plaintiff's motions for reconsideration, challenging the Court's order of dismissal. The Court liberally construes these submissions as motions for relief from a judgment or order under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. After reviewing the arguments in Plaintiff's submissions, the

---

[1] On or about November 24, 2024, Milchamot filed a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. *See Milchamot v. Chief, Bronx Dist. Attorney*, No. 24-CV-9295 (LTS) (S.D.N.Y. Jan. 13, 2025) (dismissing Section 2254 petition, without prejudice to Plaintiff's filing of a petition for a writ of habeas corpus under 28 U.S.C. § 2241). Plaintiff also filed a notice of removal, seeking to remove his criminal case to this court. *See People of New York v. Milchamot*, No. 24-CV-9296, 1 (S.D.N.Y. filed Nov. 19, 2024).

Court denies the motions.

## DISCUSSION

Under Rule 59(e), a party who moves to alter or amend a judgment must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation and citations omitted).

Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

In his motions, Plaintiff acknowledges that he was required to seek leave of court before filing a new IFP action, but states that he "will never bow down to any faternatiy or to any house of Demons but [he] will stay hunting your Father the devil." [2] (ECF 7 at 3.) Plaintiff also argues

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation

that the order barring him from proceeding IFP does not extend to an action in which he seeks release, that is, to a petition for a writ of *habeas corpus*. (*Id.* at 4.) Finally, Plaintiff argues that he intends to appeal the dismissal of this action because the "Gov't knows he's innocent" of the crimes with which he has been charged. (ECF 10 at 1.)[3]

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff fails to demonstrate that he is entitled to relief under Rule 59(e), or under any of the grounds in Rule 60(b). Plaintiff's complaint was styled as a civil rights action and sought damages. *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973). The complaint was therefore governed by the order, under 28 U.S.C. § 1651, barring Plaintiff from the privilege of proceeding IFP. Plaintiff's motions therefore do not show any basis for relief.[4]

## CONCLUSION

Plaintiff's motions for reconsideration (ECF 7-8) are denied.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 5, 2025
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge

---

are as in the original unless noted otherwise.

[3] Plaintiff filed a notice of appeal but on April 25, 2025, it was withdrawn.

[4] In addition to the fact that this was not a *habeas corpus* petition, Plaintiff also had other pending actions challenging his criminal proceedings and detention while this action was pending.